WILLIAM H. PLACE, Respondent, *v.* CHARLES A. CHESEBROUGH, Appellant.

Where the complaint in an action sets forth a claim composed of many different items, which might be united in one count as one cause of action, and where the trial of the issues require the examination of a long account, and so are referable under the Code (sub. 1, § 271), the fact that one item of the demand is stated in the complaint in a separate count, as a separate cause of action, and which, if alone sued upon, would not be referable, does not deprive the court of the power to refer. RAPALLO and EARL, JJ., dissenting.)

*Townsend* v. *Hendricks* (40 How. Pr., 143) ; *Evans* v. *Kalbfleisch* (16 Abb. Pr., 13) distinguished

(Argued November 23, 1875; decided November 30, 1875.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, referring the action to a referee " to hear and determine the whole issues." (Reported below, 4 Hun, 577.)

The complaint contained three counts. The first was for moneys advanced and paid out for defendant's benefit; the second for services from January 1 to August 15, 1874, alleged to be reasonably worth $1,875; the third for moneys paid out and advanced by plaintiff, at defendant's request, for the support and maintenance of defendant's son.

The answer denied the indebtedness. A bill of particulars was served, which embraced the claims under all the counts. The item in the bill, covering the second count, was as follows : "Own services, from January 1, to August 15, seven and a-half months, at $250, $1,875."

*Frank E. Blackwell* for the appellant. The second cause of action was not referable. (*Thomas* v. *Reab*, 6 Wend., 503 ; *Brink* v. *Repb. F. Ins. Co.*, 2 S. C. R., 550 ; *Van Rensselaer* v. *Jewett*, 6 Hill, 373 ; *Cameron* v. *Freeman*, 10 Abb. Pr., 333 ; *Dederick* v. *Richley*, 19 Wend., 108, 110.) To make an action referable, all the causes of action stated in the complaint must be referable. (*Evans* v. *Kalbfleisch*, 16 Abb. Pr. [N. S.], 13 ; *Townsend* v. *Hendricks*, 40 How. Pr., 143.) Defendant was entitled to have the action tried by a jury. (*Kain* v. *Delano*, 11 Abb. Pr. [N. S.], 30 ; 40 How. Pr., 151–153.) The joinder of two referable causes of action with one not referable should not be allowed to defeat the defendant's right to a trial by jury. (*Evans* v. *Kalbfleisch*, 16 Abb. Pr. [N. S.], 13.)

*E. Schenck* for the respondent. Plaintiff's motion for a reference was properly granted. (Code, § 271, sub. 1 ; *Van Marter* v. *Hotchkiss*, 1 Keyes, 585 ; *Batchelor* v. *Alb. Ins. Co.*, 1 Swe., 346 ; *Cont. Bk. Note Co.* v. *Indust. Ex.*, 3 N. Y. [S. C.], 758 ; 2 R. S. [Edm. ed.], 383, §§ 39, 398 ; Code, § 167, sub. 2.) The order of reference was not appealable, being discretionary. (*Hatch* v. *Wolfe*, 1 Abb. [N. S.], 77 ; 30 How. Pr., 65 ; *Ubsdell* v. *Root*, 1 Hilt., 173.)

MILLER, J. There can be no question that the plaintiff's complaint and the bill of particulars served show that the trial of this action will require the examination of a long account. As to two of the claims set forth this is not denied. But the proposition is, that where there is one of several issues in an action on contract, which does not require the examination of a long account, a reference cannot be directed. This assumption is based upon the ground that

three separate causes of action are stated in the complaint; and one of them, the second, being for a specific service, at a sum specified, is not a matter into which the question of items of an account can enter at all. Although the complaint states the claim last named as a separate and distinct cause of action, it is really and in fact but one of the items of the plaintiff's demand, and is properly stated as such in the bill of particulars. It is no· more a separate cause of action than many of the items of the account furnished. The practical operation of the rule contended for would be, that if in a long account, composed of various demands, one item rested upon a contract as to the price and terms, as is frequently the case, that it would constitute a separate cause of action and preclude a reference. Such a doctrine cannot be upheld, and would overturn the practice which has long existed by the sanction of the courts in referring cases of this character. Nor is it sustained by any adjudicated case. In *Townsend* v. *Hendricks* (40 How. Sp. T. R., 143), the action was held to be founded on tort, and for that reason was not referable against the will of the party. In *Evans* v. *Kalbfleisch* (16 Abb. Pr. [N. S.], 13), there was in fact but one cause of action, which was a special contract, and it was evident that the case would not require the examination of a long account.

None of the cases sustain the rule contended for; and it is apparent that this is not a case where causes of action which are referable are joined with one which is not, for the purpose of defeating the right of the defendant to a trial by jury, according to the Constitution; for the entire claim of the plaintiff could have been properly stated quite as well as one cause of action composed of different items, thus avoiding any objection on account of the formal division into different causes of action.

The motion to refer was properly granted, and the order of the General Term must be affirmed with costs.

All concur; except RAPALLO and EARL, JJ., dissenting.

Order affirmed.