MARY J. ALLPORT, as Executrix of MARIAH E. HOUSE, Deceased, Appellant, v. LEWIS D. JERRETT and Another, as Executors of WILLIAM C. HOUSE, Deceased, and AUGUSTA J. COLE, Respondents.

*Will — widow's support — power of sale given to executors for that purpose — failure to exercise it — equitable relief after the widow's death.*

A testator, by his will, gave his widow the use of all the residue of his property, real and personal, during her life; and further provided that if such use proved insufficient for her support, he, then, in such case, directed his executors to sell so much of his property as might be necessary for that purpose, and to use the avails therefor.

The personal property left by the testator was insufficient to pay his debts. During the last illness of the widow debts were incurred for her support and nursing, for the attendance of physicians and funeral expenses, which were not paid. Subsequently the executors of the husband accounted and were discharged. In an action brought by the executrix of the widow to recover the amount of such expenses.

*Held*, that it was the intention of the testator to charge the support of his widow upon the *corpus* of his estate in case its income proved insufficient to support her, and that a court of equity had power to enforce the payment of expenditures made for such purpose by a sale of the real estate.

That the fact that the power of sale had not been exercised by the testator's executors during his widow's lifetime was not material, and that said power survived.

That a bequest to a daughter of the testator of "all that may remain of my property, real and personal," clearly showed an intent that said daughter should receive only what remained after satisfying the charge for the widow's support.

APPEAL by Mary J. Allport, as executrix of the last will and testament of Mariah E. House, deceased, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Oswego on the 25th day of June, 1890, dismissing the complaint upon the merits after a trial before a referee.

Plaintiff is executrix of the last will and testament of her mother, Mariah E House. On January 24, 1885, William C. House, then a resident of New Haven, Oswego county, died, leaving him surviving his widow, Mariah E. House, then about seventy-two years of age, and his two daughters, the plaintiff herein and Augusta J. Cole, one of the defendants. The will of William C. House was admitted to probate in Oswego county, and Jerrett and Cole were named as executors in the will, and as such are defendants in this action. At the time of the death of House he was seized and possessed of a farm of about fifty acres, worth in the neighborhood of one thousand three hundred dollars. His personal property was not sufficient to pay his debts. His widow remained thereon, occupying a portion of the house after his death, and was able to rent the same to a tenant who supplied her with table board and paid her twenty-five dollars a year, and who, after the executors caused a mortgage to be placed upon the farm to pay the debts of the testator, amounting to the sum of $403.36, was induced also to pay the interest on that mortgage as a full consideration for the use of the real estate. Some two months before her death Mariah E. House was taken ill, and remained seriously ill until her death, which occurred on the 22d day of May, 1889. During her last sickness she was boarded and cared for by various parties, who furnished her with various kinds of food, attended and nursed her, and boarded the other nurses who were employed; two physicians were also employed. The expenditures for the physicians, for the nurses, and for her care and board, remained unpaid at the time of her death, the defendants having contributed nothing thereto or there-

for. In the will of William C. House was the following provision : "After all my lawful debts are paid and discharged, including my funeral expenses, and after my wife, Mariah E., shall have set off to her all she is legally entitled to by law to hold, I give and bequeath to my said wife, Mariah E. House, the use of all the residue and remainder of my property, real and personal, for her use and benefit, and the avails of the same, for and during her natural life ; and if, from any cause, the use of said property shall prove insufficient for her support, then, in such case, I hereby direct my executors, hereinafter nominated and appointed by me, to sell and dispose of so much of my property as may be necessary for her support, the avails of the property so sold to be used for her benefit. After the decease of my said wife I give and bequeath to my younger daughter, Augusta, now the wife of Garrett S. Cole, the residue and remainder of all that may remain of my property, real and personal, to her and to her heirs and assigns forever, on the condition, however, that she pay to my oldest daughter, Jennie M., now the wife of Smith Allport, the sum of $60 within six months after the decease of my said wife ; it may be for the interest of my said estate to sell and dispose of some or all of my property before the death of my said wife, if she should prefer to have it sold, and use the interest of the avails for her support, and others most interested should be of that opinion ; then, in that case, I hereby authorize and empower my executor, hereinafter appointed by me, to sell and dispose of all my property, either before or after the death of my said wife, and make and execute good and sufficient deed or deeds to the purchaser or purchasers, as the case may be, as sufficient conveyance of the said property."

As conclusions of law, the referee, before whom the action was tried, found :

" (1.) That the said last will of William C. House vests no estate in his said executors, but that said will created a power in trust to sell said real estate upon the happening of the contingency that any portion of the avails of the same should become necessary, over and above the use and income of his said property, for the support of his said wife Mariah E. House. (2.) That it was the intention of the said testator, as expressed in his said last will,

that such sale, if made at all, of his said real estate by his said executors for the support and benefit of his said wife, should be made only in her lifetime. (3.) That by the terms of said will said real estate vested absolutely in said defendant, Augusta J. Cole, immediately upon the death of the said widow, Mariah E. House, subject only to the payment of $60 to the plaintiff within six months after the decease of the said widow. (4.) That said $60 was paid in accordance with the terms of said will within sixty days from the time of the decease of the said Mariah E. House. (5.) That the use and income of the property left at his death by said William C. House was sufficient for the support of said Mariah E. House, except during her last sickness, when it was insufficient. (6.) That the said Mariah E. House must be deemed to have acquiesced in the non-execution of said power in trust to sell said real estate for her support and benefit by said executors. (7.) That the power in trust to the executors of the will of William C. House, given by his will, to sell his real estate for the support and benefit of his said wife, terminated with the death of his widow, Mariah E. House;" and then ordered that the complaint be dismissed, with costs.

*D. P. Morehouse*, for the appellant.

*W. H. Kenyon*, for the respondents.

HARDIN, P. J.:

We think the language of the will of Mr. House clearly indicates that his intention was to give. "the use of all the residue and remainder of my (his) property, real and personal, for her use and benefit and the avails of the same for and during her natural life." We think it was also his intention that in the event of the avails or use being insufficient, that her support should be and was made a charge upon the *corpus* of his estate; such intention was clearly evidenced by the use of the following words, viz.: "And if from any cause the use of said property shall prove insufficient for her support then, in such case I hereby direct my executors hereinafter nominated and appointed by me to .sell and dispose of so much of my property as may be necessary for her support, the avails of the property so sold to be used for her benefit." The language is so

clear and explicit that no doubt can be entertained of the intent to charge her support upon the body of his estate in the event the use or income should be inadequate. This intent is made clear by the language subsequently used in the will containing a devise to his daughter Augusta; the language is as follows: "After the decease of my said wife I give and bequeath to my younger daughter Augusta, now the wife of Gerrett S. Cole, the residue and remainder of all that may remain of my property, real and personal, to her and to her heirs or assigns forever, on the condition, however, that she pay to my oldest daughter Jennie M., now the wife of Smith Allport, the sum of sixty dollars within six months after the decease of my said wife." We think it is a mistake to suppose that he intended to give Augusta all his "real and personal" on the condition that she pay sixty dollars; on the contrary, it was his intent to give only so much of his real and personal as should be "the residue and remainder" after satisfying the support given to his widow and charged upon his real estate. The words "all that may remain of my property, real and personal," clearly evince an intent that his daughter Augusta should only receive what remained after fully satisfying the requirements of the charge imposed upon his property in favor of his widow.

In *Shallcross* v. *Finden* (3 Ves., Jr., 738), it was held that a devise after payment of debts was equivalent to a charge of the debts.

In *Williams* v. *Chitty* (3 Ves., Jr., 545), it was held there is "no difference between debts and legacies in an implied charge upon real estate by will." We are, therefore, of the opinion that the daughter Augusta received from her father the real estate charged with her mother's support, and that such expenditures as were necessary for her support in equity should be declared a lien upon the real estate remaining unsold at the time of the death of the mother. There seems to have been a steady, if not studied, neglect by the executors of Mr House in carrying out the provisions of his will intended to provide a liberal support for his widow out of his estate. That neglect ought not to enure to the benefit of the devisee of the real estate, as she should only receive what remains after liquidating the necessary expenditures made in support of her mother beyond such sums as were received from the income of the estate. (*Smith* v. *Van Ostrand*, 64 N. Y., 285.)

We think a court of equity has jurisdiction to enforce liquidation of such expenditures.

In *Lent* v. *Howard* (89 N. Y., 181), it was said : " Whatever view may be taken of the general jurisdiction of courts of equity, in the absence of any statutory or legislative policy, to abrogate continual trusts created for the purpose of providing a sure support for the widow or children of a testator, or other beneficiary, the indestructibility of such trusts here, by judicial decree, results, we think, from the inalienable character impressed upon them by statute."

Our attention is called by the respondent to *Thomas* v. *Pardee* (12 Hun, 151). The language used in the will in that case was different from the language in the will before us. We see nothing used in the language of the opinion that is adverse to the views which have already been expressed. In the course of the opinion in that case, it was said : " He (the testator) did not design to give his wife either the principal or interest as such, but whatever she needed for her comfort and support, she being the judge. She could take out from the estate as a whole, but what she did not take out, what remained at her death, was to go to others." In the case before us, the personal estate of Mr. House was used up, and it clearly appears the income was inadequate for the support of his widow, and, therefore, the sum required for her support became an equitable charge upon the real estate. (Will. Eq. Juris., p. 489.)

In *Glen* v. *Fisher* (6 Johns. Ch., 35), it was said : " He who accepts a benefit under a will must conform to all its provisions, and renounce every right inconsistent with them. This is an obvious and settled principle in equity. He accepts of the devise under the condition of conforming to the will, and a court of equity will compel him to perform the condition ; for no man, says Chief Baron EYRE (*Blake* v. *Bunbury* 1 Vesey, Jr., 523), shall be allowed to disappoint a will under which he takes a benefit." (See, also, *Birdsall* v. *Hewlett*, 1 Paige, 33.)

In *Thurber* v. *Chambers* (66 N. Y., 42), Chief Judge CHURCH observed : " It is a general rule that provisions in a will intended for the support of the wife, will receive the most favorable construction to accomplish the purpose intended," and that observation was approved in *Stimson* v. *Vroman* (99 N. Y., 80).

FOURTH DEPARTMENT, NOVEMBER TERM, 1891.

We think the learned referee fell into an error in supposing that because the expenditures for her support were not actually paid by the executors of her deceased husband in her lifetime that they could not be enforced upon property left by the testator charged with her support. Such expenditures may be ascertained in this action and declared a charge upon the real estate devised to the daughter Augusta, and if she shall not pay the same within a specified time the real estate, or so much thereof as shall be necessary, may be sold under the direction of this court, and the funds realized from the sale used to liquidate such expenditures.

We think the judgment should be reversed.

MARTIN and MERWIN, JJ., concurred

Judgment reversed and a new trial ordered before another referee, with costs to abide the event.