Gildersleeve, J.
This action was begun for the purpose of recovering commissions alleged to be due under a written contract between plaintiff and defendant The complaint sets up the contract, and refers thereto as to the respective rights of the parties; and annexed to the complaint is a schedule, or bill of particulars, showing a long account, upon which plaintiff claims commissions under the contract, and giving the numbers of policies, names of the insured and amounts paid, and the commissions alleged to be due to plaintiff thereon. The answer of defendant is substantially a general denial as to the existence of the contract and as to each and all of the amounts claimed by plaintiff, set forth in his schedule or bill of particulars.
Upon plaintiff’s application, the special term ordered a reference, against the objection of defendant, and from the order granting the motion for a reference the defendant appeals.
The statute, Code, § 1013, provides that “the court may, of its own motion, or upon the application of either party, without the consent of the other, direct a trial of the issues of fact by a referee, where the trial will require the examination of a long account on either side, and will not require the decision of difficult questions of law,” etc.
The questions of law expected to arise must be pointed out specifically, and in such manner as to enable the court to determine whether they are of any real difficulty. Patterson v. Stettauer, 39 N. Y. Super.. 413; Millen v. Fogg, 13 N. Y. Supp., 614; 37 St. Rep., 366; Cass v. Cass, 16 N. Y. Supp., 233; 41 St. Rep., 38 ; Salisbury v. Scott, 6 Johns., 329; Dewey v. Field, 13 How. Pr., *518 439. No questions of law are indicated that may be expected to arise upon the trial, and no contention is made on this appeal under the provisions of the statute on this point.
Under the general denial in the answer it will be necessary, upon the trial of this action, among other things, to examine each and every policy falling under the contract as to its issuance and the payments thereon, and the commissions due thereon. This will involve the examination of a long account on the side of the plaintiff consisting of some ninety odd items. Clearly, where a plaintiff’s bill of particulars consists of ninety odd items, each of which is put in issue and will have to be proved by reference to the books of plaintiff or defendant, a compulsory reference is proper. Canda, v. Robbins, 28 St. Rep., 394. The special term has found in effect that the trial of the issues will require the examination of a long account. We think, upon a full consideration of all the matters alleged in the pleadings and in the affidavits before the special term, that the finding was warranted, and we are not disposed to interfere with the same. Cass v. Cass, 16 N. Y. Supp., 233 ; 41 St. Rep., 38.
The papers upon which the order was granted meet with the requirements of the statute.
Order appealed from is affirmed, with ten dollars costs and disbursements.
Freedman, J., concurs.