(5 App. Div. 226.)

HILTON v. HUGHES.

(Supreme Court, Appellate Division, First Department. May 15, 1896.)

REFERENCE—LONG ACCOUNT.

Where an action was brought in equity, alleging unlawful acts by defendant to plaintiff's real estate, intrusted to his care as agent, and misappropriation of moneys received by defendant, and praying for an accounting, and that defendant be compelled to restore property to its condition before such unlawful acts, a reference, on the ground that the examination of a long account is involved, cannot be ordered, unless it is first

determined by the court that the alleged wrongful acts were committed by defendant, as only in the event of such determination will the examination of any account be involved.

Appeal from special term, New York county.

Action by Henry G. Hilton against John M. Hughes. From an order granting a reference to hear and determine, defendant appeals. Reversed.

The reference was ordered without defendant's consent, and against his objection, on the ground that the trial would involve the examination of a long account. The action was brought in equity, alleging unauthorized and unlawful acts on the part of the defendant with reference to the plaintiff's real estate, intrusted to the care and management of the defendant as agent of the plaintiff, the violation of a trust and a fiduciary relation between the parties, and the misappropriation of moneys received from the wrongful incumbrance and sale of the real estate by defendant, and praying for an accounting with reference to the management of the property, and that defendant be compelled to reduce the amount of one mortgage upon the property, and to satisfy another mortgage thereon, and to restore the property to its condition, before such unauthorized and unlawful acts were committed by the defendant, and for other relief. The defendant denied the allegations of unlawful acts, and alleged a partnership with reference to the property, etc.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

Henry A. Forster, for appellant.
H. M. Whitehead, for respondent.

WILLIAMS, J. We are of the opinion the trial of this action did not involve the examination of a long account, within the provision of the Code, so as to authorize the court to order a reference, against the objection of the defendant. The examination of a large account was not necessarily involved. The examination of any account was dependent upon the determination of the question whether the relations of the parties were those of principal and agent or not; whether the wrongful acts alleged were committed by the defendant or not. The court should itself have determined this question, and, if its determination was such as to require such an accounting, the court might then order a reference to take such account. This is the practice generally adopted, and should have been adhered to in this case. Camp v. Ingersoll, 86 N. Y. 433; Telegraph Co. v. Bickford, 142 N. Y. 224, 36 N. E. 881; Morrison v. Benthuysen, 103 N. Y. 675, 9 N. E. 180; Doyle v. Railway Co., 136 N. Y. 505, 32 N. E. 1008.

The order appealed from should be reversed, with costs of appeal, and the motion denied, with $10 costs. All concur.