CONNOR et al. v. JACKSON.

(Supreme Court, Appellate Division, Second Department.   July 9, 1900.)

REFERENCE—WHEN AUTHORIZED.

    A complaint set out one cause of action for goods sold, requiring examination of a long account, another for rent, and a third for money paid to use of defendant's decedent. The claim of plaintiff arose out of a contract under which defendant's wife or defendant acquired a business, together with a lease of the premises on which it was carried on, and the transactions thereunder constituted a long course of dealing, represented in a running account. *Held*, that though some of the items were for rent, and some for money paid, as plaintiff's claim could have been stated in a single cause of action under the first count a reference would be granted.

Appeal from special term, Kings county.

Action by John J. Connor and others against John J. Jackson. Defendant appeals from an order of reference. Order affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

C. L. Harwood, for appellant.
Herbert T. Ketcham, for respondents.

WILLARD BARTLETT, J.   The complaint sets out three causes of action,—one, for a balance due for goods sold and delivered; the second, for rent; and the third, for money paid to the use of the defendant's decedent. There is no doubt that the trial of the first cause of action will require the examination of a long account, and it is conceded that if the complaint contained nothing further the action would be referable. The appellant insists, however, that the examination of a long account will not be required in the determination of the issues arising upon the second and third causes of action, and that his right to a trial of those issues before a jury cannot be defeated by joining them with a cause of action which is referable

by compulsion. The appellant would seem to be right in this position, if it appeared that the joinder was for the purpose stated. Place v. Chesebrough, 63 N. Y. 315. In the case cited the claim of the plaintiff, like the claim of the plaintiffs here, was set out in three separate causes of action; but the court held that it could have been properly stated quite as well in the form of one cause of action composed of different items, and hence it should not be inferred that a referable cause of action had been joined with nonreferable causes with intent to deprive the defendant of his constitutional right to a jury trial. The motion papers in the case at bar show that the claim of the plaintiffs arises out of a contract under which either the defendant's wife or the defendant individually acquired a grocery business from the plaintiffs, together with a lease of the premises on which such business was carried on. The transactions growing out of the transfer effected by this contract appear to have constituted a long course of dealing, involving mutual charges and credits, represented in a running account. In view of this fact, notwithstanding that some of the items in the account are for rent and some for money paid, while the larger number relate to the sales of goods, it seems quite clear that the plaintiffs' claim, in its entirety, could have been stated as a single cause of action. If so, the doctrine of the Chesebrough Case is applicable, and the order of reference may be upheld.

Order affirmed, with $10 costs and disbursements. All concur.