(43 Misc. Rep. 162.)

### GEORGE F. LEE COAL CO. v. MEEKER et al.

(Supreme Court, Special Term, New York County. March, 1904.)

1. COMPULSORY REFERENCE—EXAMINATION OF LONG ACCOUNTS.
    Where it appears that the examination of an account will be merely collateral, and only serve as evidence on which plaintiff will rely to fix his recovery, and where it does not appear that it will be necessary to litigate the items of the account, a motion for a compulsory reference on the ground that the trial will necessarily involve the examination of a long account, and that no difficult questions of law are involved, will be denied.

2. SAME—QUESTIONS OF LAW INVOLVED.

     On motion for a compulsory reference on the ground that the trial will necessarily involve the examination of a long account, and that no difficult questions of law are involved, where defendants insist that difficult questions of law are involved, they must be pointed out in such a manner as to enable the court to determine whether they are difficult, except where they appear on the face of the pleadings.

Action by the George F. Lee Coal Company against Henry E. Meeker and others. Motion for a compulsory reference. Motion denied.

David Bennett King, for the motion.
Lane & Trafford, opposed.

GILDERSLEEVE, J. The motion is for a compulsory reference, on the ground that the trial will necessarily involve the examination of a long account, and that no difficult questions of law are involved. The rule is well settled that, to justify a compulsory reference, the long account must be the immediate object of the suit or ground of defense, and directly and not collaterally or incidentally involved. Importers' & Traders' N. Bank v. Werner, 54 App. Div. 435, 66 N. Y. Supp. 996. The examination is not necessarily involved if the examination of the account is dependent upon the determination of the question whether or not there was any contract, or whether the wrongful acts alleged were in fact committed. Hilton v. Hughes, 5 App. Div. 226, 227, 39 N. Y. Supp. 204. Furthermore, facts must be disclosed, either by affidavit or upon the face of the pleadings, from which the conclusion can be fairly drawn that so many separate and distinct items of account will be litigated on the trial that a jury cannot keep the evidence in mind in regard to each of the items, and give it the proper weight and application when they retire to deliberate upon their verdict. Spence v. Simis, 137 N. Y. 616, 33 N. E. 554. If the account is to be examined merely as evidence upon which plaintiff relies to fix the amount of his recovery, and not to litigate or recover the different items of the account, a compulsory reference should not be ordered. C. & C. Elec. Co. v. Walker Co., 35 App. Div. 426, 429, 54 N. Y. Supp. 810. In the case at bar it seems to me that the examination of the account will be merely collateral, and only serve as evidence upon which the plaintiff will rely to fix the amount of its recovery. It does not appear that it will be necessary to litigate the different items of the account. The terms of the contract itself are in dispute. The plaintiff maintains that it was for the sale of coal by plaintiff to defendants, while the defendants claim that it was an agreement for handling coal on commission. In paragraph 4 of the complaint the plaintiff alleges that, under the terms of the contract, the plaintiff sold and delivered coal to defendants, and shipped the same to various places, under defendants' directions. The answer admits the shipping of the coal, but denies that the same was sold and delivered to the defendants, and alleges that defendants "handled said shipments for plaintiff on commission." The answer also admits the quantity of coal so shipped to be as claimed by plaintiff in the complaint. It may be observed, however, that, so far as defendants'

claim that there are difficult questions of law to be determined is concerned, the rule is that the questions of law expected to arise must be pointed out specifically, and in such a manner as to enable the court to determine whether they are of any real difficulty, unless, indeed, they are apparent upon the face of the pleadings. Hibbard v. Insurance Co., 4 Misc. Rep. 422, 24 N. Y. Supp. 332, and cases there cited. I am of opinion, as I have already indicated, that the present application does not meet the requirements that would warrant the court in ordering a compulsory reference. Motion denied, with $10 costs to abide the event.

Motion denied, with $10 costs to abide event.