(119 App. Div. 689)

## HILL et al. v. REYNOLDS et al.

(Supreme Court, Appellate Division, Third Department.    May 8, 1907.)

REFERENCE—GROUNDS FOR.

Where the primary purpose of an action is to obtain an accounting, and it appears that the trial will require examination of a long account as to several of the causes of action set forth in the complaint, the fact that one of the causes of action may be regarded as calling for a determination of the rights of the parties, independent of the state of their accounts, does not deprive the court of the power to refer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Reference, §§ 13, 21, 23.]

Smith, P. J., and Cochrane, J., dissenting.

Appeal from Special Term, Schuyler County.

Action by George G. Hill and another against George G. Reynolds and others. From an order of reference made on plaintiffs' application, defendants appeal. Affirmed.

The plaintiffs allege for a first cause of action that in December, 1902, they were and now are the owners of the lands described in the complaint; that December 15, 1902, they entered into a written agreement with the defendant George G. Reynolds, wherein they authorized him to drill a well for the purpose of obtaining natural gas, and he agreed to give to the plaintiff "one-tenth part of all moneys received from the sale of said gas which shall be taken from said well besides gas enough from said well to run and operate the sanitarium"; that a well was drilled; that the contract was assigned to the defendant the Consumers' Natural Gas Comapny; that a large amount of gas was obtained and sold, and that the defendants have neglected and refused to account for the same or the proceeds thereof or to pay the plaintiff therefor. It was further alleged that in February, 1905, the company executed to the defendant Samuel G. H. Turner, as trustee, a mortgage to secure the payment of bonds to the amount of $25,000, and that said mortgage purports to cover all its property rights and franchises.

The second cause of action alleges, among other things, that the agreement was without consideration, unreasonable, impossible of fulfillment and void, that the defendants entered upon plaintiff's lands without any right or authority and took and appropriated the gas from plaintiff's well, and that the amount so taken or the proceeds thereof cannot be ascertained without an accounting.

The third cause of action alleges another agreement by which the plaintiffs were to have the sole ownership, use, and benefit of the well in question and all the gas produced therefrom; that more than 100,000,000 cubic feet of gas have been obtained and appropriated to the use of the defendants, and they have refused to account to the plaintiffs therefor.

For a fourth cause of action the plaintiffs allege that they revoked and rescinded the original agreement on the 2d day of April, 1906, on account of the failure of the defendants to pay to the plaintiffs their portion of the money received from the sale of gas, and that, notwithstanding the revocation and rescission, the defendants have since taken and appropriated the gas from plaintiffs' well without right or authority, and refused to account to the plaintiffs therefor.

The relief prayed for is that the defendants account to the plaintiffs for all the gas taken or received and for the proceeds of the sales, and that they be adjudged to pay such sum in the premises as may be just and proper. The answers admit the execution of the lease; that it was assigned to the defendant company, which assumed all the obligations of the lessee; that the bonds were issued, the well drilled, and natural gas obtained; and "that the said defendants on or about the 1st day of October, 1904, commenced and did operate said well and had control and possession thereof and took and received certain quantities of gas therefrom."

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCH-
RANE, and SEWELL, JJ.

George G. Reynolds, for appellants.
Irving W. Cole, for respondents.

SEWELL, J. It is plain that the primary purpose of this action is
to obtain an accounting, and that the trial will require the examina-
tion of a long account as to three of the causes of action set forth in
the complaint. The fact that the second cause of action may be re-
garded as calling for a determination of the rights of the parties in-
dependent of the state of their accounts did not deprive the court of
the power to refer.

It has been repeatedly held that, where one count or one cause of
action requires the examination of a long account, the action is refer-
able. Whitaker v. Desfosse, 7 Bosw. 678; Goodyear v. Brooks, 2
Abb. Prac. (N. S.) 296; Batchelor v. Albany Ins. Co., 6 Abb. Prac.
(N. S.) 240; Place v. Chesebrough, 4 Hun, 577; Connor v. Jackson,
53 App. Div. 322, 65 N. Y. Supp. 693. The entire claim of the plain-
tiffs could have been properly stated as a single cause of action, and
thus have avoided any objection on account of the division into dif-
ferent causes of action.

Hilton v. Hughes, 5 App. Div. 226, 39 N. Y. Supp. 204, and Jordan
v. Underhill, 71 App. Div. 559, 76 N. Y. Supp. 95, differ materially
from the case at bar. In each of these cases the right of the plaintiff
to an accounting was denied, and depended upon the determination of
other questions. Neither is the case of C. & C. Electric Company v.
Walker Co., 35 App. Div. 426, 54 N. Y. Supp. 810, also relied upon by
the defendants, an authority upon this appeal. In that action the ac-
count was not the immediate object of the action or directly involved,
and there was no trust or fiduciary relation between the parties. This
case has all the referable qualities. The facts entitling the plaintiffs to
an accounting are substantially conceded. The account is complicated.
There is need of a discovery, and by force of the contract relations of
a fiduciary nature existed between the parties.

I am of the opinion that the granting of the order of reference was
a matter for the exercise of the discretion of the court, and that the
order should be affirmed, with $10 costs and disbursements. All con-
cur except SMITH, P. J., and COCHRANE, J., who dissent.

SMITH, P. J. (dissenting). In the complaint is alleged the or-
ganization of the Consumers' Natural Gas Company for the purpose
of obtaining gas and supplying the same to the various people and con-
sumers in and about the village of Watkins; that the defendant Rey-
nolds was the promotor of the said company; that on or about Feb-
ruary 1, 1905, the said company through its president executed to the
defendant Turner, as trustee, a certain trust mortgage for the secur-
ing of the payment of certain bonds to the amount of $25,000, and
that said trust mortgage purports to cover all the property and fran-
chises of the defendant corporation; that said bonds are outstanding
obligations. The complaint further alleges that the plaintiffs are the
owners of certain property near Watkins, and that upon the 15th day
of December, 1902, executed with the defendant George Reynolds an

agreement whereby the said Reynolds was to sink a well for natural gas upon its property, furnishing to the sanitarium owned by the plaintiffs such amount as was necessary for their use, and selling all gas beyond the amount necessary for the use of said sanitarium, accounting to the plaintiffs for a one-tenth part thereof; that the said contract was assigned to the defendant corporation, said well was built, and that large amounts of gas had been taken therefrom and sold by the defendants to various parties; that nothing had been paid to the said plaintiffs under said contract except the sum of $370, but that a much larger amount had been taken by the company so that the plaintiff was entitled to the sum of $2,000 therefor; that the defendants have refused to account upon request. It is further alleged that the defendants have obtained gas from other sources, and have mingled that gas in the pipes with the gas coming from the property of the plaintiffs, and have thus made it difficult if not impossible to ascertain the exact amount of gas taken from the plaintiffs' premises, and have refused and neglected to measure the same or to take any means to ascertain the amount of the proceeds of the sale of the gas taken or flowing from the well built upon the plaintiffs' premises. As a part of this cause of action, the complaint also charges that the defendant has negligently and incompetently operated the well, and has caused the same to be shut off and has stopped the operation of the well, to the great damage of the plaintiffs and in violation of their rights.

As a second cause of action, it is alleged that said contract executed between the plaintiffs and the said Reynolds was void, without consideration, indefinite, and unreasonable in its terms and impossible of fulfillment; that defendants have entered upon the plaintiffs' lands and have appropriated without right or authority natural gas from said lands; and that the amount thereof cannot be ascertained without an accounting.

As a third cause of action, it was agreed that, after the sinking of the well upon the plaintiffs' premises, the defendants were to sink other wells and obtain a franchise to furnish gas to the village of Watkins and its inhabitants, and that after the other wells were sunken the plaintiffs were to have the full income from the gas furnished from plaintiffs' well; that other wells were drilled upon other lands and the franchise was obtained from the village of Watkins, but that the defendants have refused to give to the plaintiffs the benefit of the gas from plaintiffs' lands except a small part thereof, and have only paid to the plaintiffs for the use of said gas the sum of $370. The plaintiffs allege that the gas for which the defendants are liable amounts to over 100,000,000 cubic feet, which has been wrongfully sold and disposed of to the village of Watkins, for which the defendants are liable to the plaintiffs in the sum of $20,000.

For the fourth cause of action the plaintiffs allege the revocation upon the 2d day of April, 1906, of all rights under the claimed contract, and the appropriation by the defendants of said gas notwithstanding said revocation; that the mortgage given by the defendant is not a lien upon the franchise for the gas or upon the fixtures upon the plaintiffs' land.

The relief prayed for is that the defendants account to the plaintiffs for all gas taken or received by them or either of them and for the proceeds of the sale of said gas, and that they be adjudged to pay a reasonable value therefor, that the agreement between the plaintiffs and the said Reynolds of December 15, 1902, be adjudged revoked and annulled, and that the defendants be enjoined from taking any further gas from the said premises, and also from removing any of their fixtures therefrom. It is further asked that the trust mortgage be declared no lien upon said lands or upon any rights therein or property therefrom, and for such other relief as may be just.

This appeal is from an order of reference made upon plaintiffs' application. From this order of reference an appeal has been taken by Reynolds himself, by the defendant corporation, and by Turner, the trustee. I am unable to discover any ground whatever for the justification of this order of reference as to the issues against Turner. As against him, no accounting is demanded. The demand against him is that the contract be adjudged void, and that his interest as mortgagee be destroyed.

Nor am I able to see any justification for this order as against Reynolds or the defendant corporation. The only authority for a compulsory order of reference is found in section 1013 of the Code of Civil Procedure. By that provision an order of reference is authorized where the trial will require the examination of a long account, and will not require the decision of difficult questions of law. There can hardly be an examination of a long account involved in this case, because upon the allegation of the plaintiffs themselves no account has been kept of the amount of gas that has been taken from the well upon the plaintiffs' premises. As far as this action is one to recover under the contract, although in form it is an action for an accounting, it is in fact an action to recover unliquidated damages for a breach of contract, and does not in any way involve the examination of a long account so as to justify an order of reference.

Again, not only is there sought here to determine the damages under the contract, but with that cause of action is joined a cause of action for negligently operating the well and causing the same to be shut off, to the great damage of the plaintiffs. Another cause of action is joined for trespass and conversion, upon the assumption that the contract gave no rights to enter upon the plaintiffs' land and take gas, and that the acts of the defendants in so doing were acts of trespass and conversion. The third cause of action assumed to be set up by the plaintiffs is an action for breach of contract in failing to yield to the plaintiffs all of the gas flowing from the well upon plaintiffs' lands, and is for unliquidated damages, and in no way involves an accounting. The fourth cause of action is in tort for unliquidated damages for gas wrongfully appropriated by the defendants after the plaintiffs had assumed to revoke the contract of 1902. Finally, both damages and equitable relief are demanded. All of these various causes of action against these various defendants are, against the will of the defendants, referred to a referee to hear, try, and determine, upon the ground that in one cause of action to recover the sum due upon the contract, which does not affect the defendant Turner at all, an accounting

should be required, where as to this cause of action even it is alleged that no account was kept by the defendant, and it thus appears that the action is reduced simply to an action for unliquidated damages. I find no justification in the Code for a compulsory reference hereof. I, therefore, think that the order should be reversed, with $10 costs and the motion denied, with $10 costs.

COCHRANE, J., concurs.