# THE

# New York Supplement

## VOLUME 117

---

### LONDON v. MERYASH.

(Supreme Court, Appellate Division, First Department. May 21, 1909.)

PARTNERSHIP (§ 332*)—DISSOLUTION—ACTION FOR ACCOUNTING—REFERENCE OF ISSUES.

In an action for an accounting between partners pursuant to an agreement to dissolve, a reference to hear and determine the issues cannot be ordered prior to the entry of an interlocutory judgment providing for the accounting.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 790; Dec. Dig. § 332.*]

Scott, J., dissenting.

Appeal from Special Term, New York County.

Action by Albert London against Louis Meryash. From an order appointing a referee, defendant appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edward W. S. Johnston, for appellant.
Abram I. Elkus, for respondent.

McLAUGHLIN, J. Plaintiff and defendant were copartners, and on the 20th of March, 1907, entered into an agreement dissolving the partnership. This action is brought for an accounting, and to compel the foreclosure of a mortgage given by the defendant, and the cancellation of a mortgage given by the plaintiff to a trustee, pursuant to the agreement. After issue had been joined, the plaintiff, against the objection of the defendant, obtained an order referring the issues. Defendant appeals, and the plaintiff seeks to sustain the order upon the ground that the right to an accounting is admitted by the answer, and that no issues of fact are raised independent of the status of the account between the parties.

Assuming, without deciding, that this is so, the order cannot be sustained. The proper practice in such case was pointed out by this court

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in Gibson v. Widman, 106 App. Div. 388, 94 N. Y. Supp. 593, where it was said:

"This action being for an accounting, a reference to hear and determine the issues cannot be ordered prior to the entry of an interlocutory judgment providing for an accounting. If the parties are entitled to such an interlocutory judgment upon the pleadings, that relief can be granted by motion and a proper interlocutory judgment entered. An accounting may then be taken before a referee."

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur, except SCOTT, J., who dissents.

LAUGHLIN, J. (concurring). I concur in the reversal of the order. The action is based upon an agreement between the parties for the dissolution of their copartnership relations. The agreement contemplated an accounting between the parties, to be passed upon, in the event of their inability to agree, by arbitrators. The arbitration provisions of the agreement failed to become effective, owing to the refusal of the arbitrator named by the defendant to act. With the arbitration provisions of the agreement eliminated, either party could maintain an action for an accounting, and that is the primary right of either party. At the time the dissolution agreement was made, and pursuant thereto, the copartnership property was divided, and each partner conveyed his interest in certain parcels of real property to the other, so that the entire legal title to certain parcels stood in the name of one, and the entire legal title to certain other parcels stood in the name of the other, and each executed a bond and mortgage to a trustee on those parcels to which he took the legal title to secure his partner against the payment of more than his proper share of the firm obligation and to secure the payment to him of any amount that might be found due on the accounting. Those mortgages were to run for one year, and they were to become due and enforceable in certain contingencies before the expiration of the year. The plaintiff alleges a violation of the provisions of the dissolution agreement on the part of the defendant, in that he has failed and refused to pay one-half of the firm obligations, and to devote the property received by him pursuant to the dissolution agreement to the payment of such obligations.

One of the contingencies upon which the mortgage was to become due within the year was the failure of either party to apply the moneys received on a sale of any of the mortgaged property, from which the trustee was to release the mortgage as provided in the dissolution agreement, to the payment of firm obligations. It is alleged that the defendant violated the agreement in this regard. That fact the defendant attempted to put in issue by a denial in the answer of any knowledge or information sufficient to form a belief concerning the same. It is manifest that the defendant must know whether he applied the proceeds realized on a sale of property released by the trustee to the payment of firm obligations, and therefore the denial is bad, and the fact stands admitted as charged in the complaint. It is, however, specifically denied that the plaintiff has requested the trustee to foreclose the mortgage. There are, therefore, on that theory of the case,

issues to be tried by the court upon which the plaintiff's right to maintain the action depends before he becomes entitled to an interlocutory judgment for a foreclosure of the mortgage. A foreclosure of the mortgage under the agreement merely on account of the failure of the defendant to apply the moneys realized by him on a sale of the firm property, as already stated, would be of no practical benefit to the parties. It might result in the realization of a fund, but the fund could not be distributed without an accounting. The plaintiff prays for a copartnership accounting, and I am of opinion that the action should be regarded as one for an accounting; the foreclosure of the mortgage given by the defendant, if that should become necessary as a result of the accounting, being prayed for as incidental relief. Since a final accounting of the partnership affairs may now be had, upon which it may appear that the plaintiff is indebted to the defendant, in which event it would become unnecessary to foreclose the mortgage given by the defendant. I think that the allegation of the complaint with respect to a breach of the dissolution agreement by the defendant, which claim authorizes a foreclosure, may be disregarded, upon the theory that the principal object of the action is to obtain an accounting of the partnership affairs, which is essential to any practical relief, and that the prayer for foreclosure should be regarded as incidental relief demanded, should that be necessary to a complete determination of the rights of the parties as shown on the accounting.

In that view of the case I am of opinion that an interlocutory judgment for an accounting, and providing for the incidental relief afforded by the foreclosure should that be shown necessary, should have been entered on the pleadings; for it is admitted that the dissolution agreement was made, that one of the arbitrators refused to act, and that there has been no accounting. I am of opinion, therefore, that the case is not like an ordinary action to foreclose a mortgage, in which a reference to compute the amount due, where it appears that some amount is due, may, when necessary, be ordered in advance of the judgment.

SCOTT, J. I dissent. There is no doubt that the general rule is as stated in the prevailing opinion; but, like most general rules, it is not universally applicable, and should yield to unusual conditions. In the present case a long account must be taken before the court can determine whether plaintiff is entitled to any relief at all and whether an interlocutory decree should be entered. The reference should therefore precede the interlocutory decree, unless it is proposed to establish a new rule of procedure and have two or more successive interlocutory decrees in the same action.