### E. CLEMENS HORST CO. v. STOCKER.

(Supreme Court, Appellate Division, Third Department. November 10, 1909.)

1. PLEADING (§ 34*)—NATURE OF ACTION—PRAYER FOR RELIEF.

    While the character of an action is not to be determined by the prayer for relief, yet that may be considered in connection with the balance of the pleading.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 67; Dec. Dig. § 34.*]

2. ACTION (§ 25*)—LEGAL OR EQUITABLE—BREACH OF CONTRACT OR ACCOUNTING.

    A complaint in an action by a principal against the agent, which alleges that defendant agreed to act as plaintiff's agent for the purchase and sale of hops, for which certain commissions were to be paid, that defendant broke the agreement in various ways, that plaintiff has demanded a complete accounting from defendant, which has not been given, and in which the relief prayed is not for any specific sum of money, but for an accounting between the parties, on which defendant shall state certain matters specified, and shall be charged and credited with specified items, states a cause of action in equity for an accounting, and not at law for damages for breach of contract.

    [Ed. Note.—For other cases, see Action, Dec. Dig. § 25.*]

3. REFERENCE (§ 8*)—LONG ACCOUNT—EFFECT OF DENIALS IN ANSWER.

    Where an answer to a complaint, which states a cause of action for an accounting and discovery of commissions earned, admits the agreement, and denies the breach of contract, and alleges that there has been a complete accounting and settlement between the parties, and that complainant is a foreign corporation, not entitled to sue, an order of reference to determine a long account cannot be allowed, since, if defendant succeeds on the issues raised by him, the trial will not involve a long account.

    [Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 13–23; Dec. Dig. § 8.*]

Appeal from Special Term, Otsego County.

Action by the E. Clemens Horst Company against Eugene D. Stocker. From an order of reference, defendant appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

L. E. Walrath, for appellant.
Shearman & Sterling, for respondent.

CHESTER, J.   The respondent insists that the order of reference was properly made, because there is a long account involved between the parties, and that no difficult issues of law are presented by the pleadings.   It also insists that the action is one at law, and not in equity, and therefore that all the issues must be tried together.

If the action is at law, the complaint has been very inaptly framed to show that.   From the plaintiff's point of view, the action is one the ultimate purpose of which is to recover damages for the alleged breach of contract; yet as I read the complaint the action is in equity, and must be governed by the rules applying to such actions.   In the complaint it is alleged that the defendant agreed to act as agent for the plaintiff, which is a foreign corporation, in the sale of Pacific Coast hops, to be shipped to him by the plaintiff, and also in purchasing for the plaintiff and shipping to it, at its office in London, England, from time to time as the same were ordered by the plaintiff, New York state hops of the crop of 1907, for which the plaintiff agreed to pay the defendant a commission of one cent per pound upon all the Pacific Coast hops sold by the defendant to brewers and one-half cent per pound for all other hops sold to others, and that upon all New York state hops purchased by him for the plaintiff he should receive a commission of one-half cent per pound.   The plaintiff alleges that the defendant broke the agreement in various ways.   It is also alleged that the plaintiff has demanded of the defendant a complete account of all the dealings and transactions between them, and that the defendant had rendered an account to the plaintiff; but the same does not cover all his transactions, and is incorrect in many respects.   There is no claim in the complaint for the recovery of any specific amount of damages.   The prayer for relief is as follows:

"(1) That an accounting be had between the plaintiff and the defendant of all the transactions aforesaid, and that, upon such accounting, the defendant be required to render to the plaintiff an accounting stating the number of bales of New York state hops purchased by him and shipped to the plaintiff, the dates of such purchases, the names of the persons from whom he purchased the same, the cost thereof, and the commissions charged the plaintiff thereon; the number of bales of Pacific Coast hops shipped by the defendant to the plaintiff, and the dates on which such shipments were made; the various amounts which the defendant withdrew from the account in the said bank as the cost price of the various shipments of hops made by him to the plaintiff, and the dates on which such amounts were withdrawn; the sales made by the defendant of the Pacific Coast hops shipped to him by the plaintiff, the dates of such sales, the persons to whom such sales were made, the number of bales sold, and the prices obtained therefor, and the commissions charged the plaintiff thereon.

"(2) That on such accounting the defendant be charged with all the moneys paid by the plaintiff to the defendant for the said Pacific Coast hops, and the said New York state hops which were not of the grade and quality ordered by the plaintiff, with all the sums of money which the plaintiff was compelled to pay upon such hops for freight, insurance, storage, cartage, and other charges, with the losses which the plaintiff sustained on its said contracts with its English customers, and with the difference between the amounts the defendant remitted to the plaintiff as the selling price of the Pacific Coast hops sold by the defendant in the United States and Canada, and the actual selling

price of said hops, less the commissions to which the plaintiff was entitled; and that the defendant be credited with the amounts the plaintiff received from the sale of the Pacific Coast hops and the said New York state hops which were of a grade and quality inferior to the grade and quality ordered by the plaintiff, which the plaintiff sold in London, England, as aforesaid."

While the character of the action is not to be determined by the prayer for relief, yet to determine that it may be considered in connection with the balance of the pleading. This complaint as an entirety is framed to state a cause of action in equity for a discovery and an accounting, and no cause of action at law is alleged. In the answer the defendant admits the agreement to purchase and sell hops for the plaintiff, denies all the alleged breaches of the contract, alleges that the Pacific Coast hops shipped to the plaintiff were shipped at its request and were accepted by it, and that there has been a complete accounting and settlement between the parties. There is a further defense that the plaintiff is a foreign corporation, doing business in the state of New York without having complied with the statutes permitting foreign corporations to do business in the state.

If I am correct in my construction of this complaint, and in my view that it states a cause of action in equity, the order of reference was improperly made, for the reason that, if the defendant succeeds on the issues raised by him, the trial will not involve the examination of any account. In the recent case of Wynkoop v. Wynkoop, 119 App. Div. 679, 104 N. Y. Supp. 296, Presiding Justice Smith stated the rule applicable to cases of this character as follows:

"The defendant alleged the full adjustment and settlement of the accounts between the parties and an agreed balance arrived at between them. If this allegation be proven, then there is no occasion for an accounting, and until the trial of this issue and its determination the court cannot say that a long accounting is involved, or that the plaintiff is entitled to a reference."

This is a restatement of the rule applicable in equity cases which has been held by many authorities. Camp v. Ingersoll et al., 86 N. Y. 433; London v. Meryash, 132 App. Div. 323, 117 N. Y. Supp. 1; Gibson v. Widman, 106 App. Div. 388, 94 N. Y. Supp. 593; Weldon v. Brown, 84 App. Div. 482, 82 N. Y. Supp. 1051; Jones v. Lester, 77 App. Div. 174, 78 N. Y. Supp. 1000; Kirkwood v. Smith, 72 App. Div. 429, 75 N. Y. Supp. 1016; Knox v. Gleason, 63 App. Div. 99, 71 N. Y. Supp. 213; Hilton v. Hughes, 5 App. Div. 226, 39 N. Y. Supp. 204.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur; SMITH, P. J., in result.