INTERNATIONAL WORSTED MILLS, Respondent, v. PRIESTLEYS, LIMITED, Appellant.  (Action No. 1.)

First Department, June 2, 1922.

References — twenty-one causes of action for balance due on goods sold — actions identical except as to amount — sole question whether goods properly rejected — compulsory reference improper — nature of complaint sole determining factor as to whether reference should be granted — existence of six allied actions not material — existence of account stated not reason for compulsory reference.

A compulsory reference should not be granted upon the application of the plaintiff on a complaint covering twenty-one causes of action all of which were based upon the failure of the defendant to pay for a part of goods purchased by him, which he claimed were properly rejected, for the main question in issue is whether the defendant was justified in rejecting the goods and whether under the circumstances the rejection was within a reasonable time, and the fact that because of the numerous causes of action considerable time will be required to try the case does not authorize the court in depriving the defendant of his right to have a jury pass upon the principal issues.

The nature of the complaint in the action in which a compulsory reference is sought is the sole determining factor as to whether a reference should be granted, and the court cannot consider the fact that the plaintiff has commenced six other actions against the defendant for different causes connected with its dealings with the defendant in the purchase and sale of similar goods.

The existence of an account stated or of many accounts stated is not a reason for a compulsory reference.

APPEAL by the defendant, Priestleys, Limited, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of February, 1922, appointing a referee to hear and determine the issues.

*Spencer, Ordway & Wierum* [*Otto C. Wierum* of counsel], for the appellant.

*Myers & Goldsmith* [*Emanuel J. Myers* of counsel], for the respondent.

Smith, J.:

The portion of the complaint printed in the record, viz., the first cause of action, shows that the plaintiff sold and delivered to the defendant between July 23, 1918, and May 6, 1919, certain goods at agreed prices, amounting to $2,298.65; that plaintiff rendered to defendant invoices of such goods about the time of the delivery; that the defendant retained the invoices without objection until about July 30, 1920, when it sought to return one piece of goods included in the invoice of July 23, 1918, at the sum of $92.66; that the defendant paid to plaintiff and was allowed credits amounting to $2,260.59; and that there is $38.06 due and unpaid. The complaint then continues with twenty other causes of action identical in form with the first cause of action except as to the amounts involved.

The complaint in this action sets out several causes of action for balances due for goods sold and delivered or possibly on accounts stated, although it is doubtful if there is sufficient alleged to substantiate the claim of account stated.

The defendant in the answer denies that there is a balance due on any of the alleged claims; sets up that it has paid in full for all goods claimed to have been delivered; that it rejected and returned certain parts of the goods delivered at times which were reasonable under the peculiar circumstances set out in its answer, and that having paid for those goods it asks affirmative judgment for the amount paid therefor.

In the motion papers on which the order appealed from is granted it appears that the plaintiff has commenced six other actions against the defendant for different causes connected with its dealings with the defendant in the purchase and sale of woolen goods and many schedules of contracts and figures are attached to the moving affidavits. The existence of these other actions and the numerous figures set out have no bearing on and cannot affect this action or the motion made herein.

The nature of the complaint in this action is the sole determining factor. (*Steck* v. *Colorado Fuel & Iron Co.*, 142 N. Y. 236, followed in many later cases.) Neither the affirmative defenses nor counterclaims of the answer in this action referred to above, even if any of those pleadings showed the existence of a long account to be litigated, has any relevancy to the question of the granting of the order of reference in this action.

As above stated, the complaint in this action is for balances due for goods sold and delivered or possibly on an account stated. Each cause of action set up in the complaint will be easily and simply proved and does not involve a long account. The main question

in issue herein is whether the defendant was justified in rejecting the goods rejected by it and whether under the circumstances of this case that rejection was within a reasonable time.

The setting up of numerous causes of action in one action which because of their number will require considerable time of the court and jury does not and should not deprive defendant of its right to have a jury pass on the main issue in the case. The existence of an account stated or of many accounts stated is not a reason for a compulsory reference. There is no doubt that the trial of this action could be made long and complicated if the plaintiff be permitted to force into this action all the transactions between the parties and all the figures set out in all the actions and in the schedules attached to the moving papers. But even then, no one cause of action, nor group of actions would make the main issues between the parties the examination of a long account. If the trial of the action be confined as it should be to the issues in this action, each cause of action set out in this complaint can be disposed of with reasonable promptness.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for a reference herein denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.