INTERNATIONAL WORSTED MILLS, Respondent, v. PRIESTLEYS, LIMITED, Appellant.   (Action No. 5.)

First Department, June 2, 1922.

**References — compulsory reference improper in action to recover unliquidated damages for breach of contract.**

A compulsory reference should not be granted on the application of the plaintiff in an action to recover from a buyer of goods unliquidated damages for the breach of a contract of sale.

See, also, head note in *Internat. Worsted Mills* v. *Priestleys, Ltd., No. 1* (*ante,* p. 547).

APPEAL by the defendant, Priestleys, Limited, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of February, 1922, appointing a referee to hear and determine the issues.

*Spencer, Ordway & Wierum* [*Otto C. Wierum* of counsel], for the appellant.

*Myers & Goldsmith* [*Emanuel J. Myers* of counsel], for the respondent.

SMITH, J.:

The complaint consists of forty-eight causes of action, of which three set out in the papers on appeal are typical. The first cause of action is for goods sold and delivered and possibly on an account stated. It is of the same nature as the causes of action set out in action No. 1, decided herewith. (*Internat. Worsted Mills* v. *Priestleys, Ltd., No. 1,* 201 App. Div. 547.) The second alleged cause of action seems to be based on the same goods delivered and on the return of the same pieces alleged in the first cause of action, but it is difficult to find any cause of action alleged. It is sufficient to say it does not in any way set up a long account. The third cause of action sets up facts showing a breach of an alleged contract, probably on the same order alleged in the first and second causes, in so far as the defendant refused to accept delivery of four pieces of goods included in that order.

As to the first and second causes of action the reasoning and conclusion reached in action No. 1 apply. The inclusion in this action of causes of action of which the third cause of action is a sample, introduces another feature and another reason for reversing the order appealed from. This class of causes is for unliquidated damages for breach of contract. This has been condemned in

*Hill* v. *Reynolds* (189 N. Y. 558) which reversed the Appellate Division on the dissenting opinion in that case (119 App. Div. 689).

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for a reference denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.