FRANZ PORT, Respondent, *v*. KATIE HOLZINGER and Another, Appellants.   (Appeal No. 1.)

Second Department, February 13, 1925.

**Pleadings — complaint — complaint that is insufficient in equity may contain sufficient allegations to support cause of action at law — prayer for relief not conclusive as to nature of action — allegation of gift subject to revocation and revocation thereof with demand and refusal constitute good cause of action at law for money had and received.**

A complaint in an action will not be dismissed on the ground that it does not state facts sufficient to constitute a cause of action if, although it does not state a good equitable cause of action, the allegations do constitute a cause of action at law for money had and received.

In determining whether a cause of action is stated in equity or at law the prayer for relief is not conclusive.

Accordingly, the complaint in this action states a common-law action for money had and received, since it alleges that the plaintiff delivered a bond and mortgage with a certificate of satisfaction to the defendants upon the express condition and agreement by the defendants that the gift might be revoked and that the moneys represented by the bond and mortgage would be redelivered to the plaintiff at any time on his demand, that thereafter the plaintiff did revoke the gift and demand the return of the moneys and securities, and that the defendants refused to comply with the agreement.

APPEAL by the defendants, Katie Holzinger and another, from an order of the Supreme Court, made at the Queens Special Term and entered in the office of the clerk of the county of Queens on the 15th day of December, 1924, denying the defendants' motion for judgment dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Thomas F. Hyland* [*James H. Hickey* with him on the brief], for the appellants.

*Frederick W. Ritter* [*Albert Hennings* with him on the brief], for the respondent.

KELLY, P. J.:

While the complaint, considered as the statement of an equitable cause of action, may be defective, still if on the pleading as a whole a cause of action at law arising out of the same transaction is set forth, the complaint cannot be dismissed on the ground that it does not state facts sufficient to constitute a cause of action.   (*Wisner* v. *Consolidated Fruit Jar Co.*, 25 App. Div. 362; *Parker* v. *Pullman & Co.*, 36 id. 208; *Hughes* v. *Harlam*, 37 id. 528; *Lester* v. *Seilliere*, 50 id. 239.)   While we may refer to the prayer for relief to ascertain the precise nature and character of the action (*O'Brien* v. *Fitzgerald*, 143 N. Y. 377; *Horst Co.* v. *Stocker*, 134 App. Div. 771), still the prayer for relief forms no part of the cause of action and is not conclusive.   Without in any way passing upon the merits of the plaintiff's alleged cause of action, and taking the facts pleaded as admitted, as we must do on applications of this nature (*Moore* v. *Bonbright & Co.*, 202 App. Div. 281), it would appear that the plaintiff sufficiently pleads a common-law action for moneys had and received.   He alleges in effect that he delivered to the defendants a bond and mortgage for $4,000, with a certificate of satisfaction, upon the express condition and representation by defendants that the gift might be revoked and that the moneys represented by the bond and mortgage would be redelivered to the plaintiff at any time on his demand.   He alleges that thereafter he did revoke the gift and demand the return of the moneys and securities and that the defendants refused to comply with the agreement.   Assuming that the plaintiff is right in his statement of

the facts, the case would fall within the familiar doctrine that money in the hands of one person to which another is entitled, may be recovered in a common-law action based upon the alleged promise and agreement of the defendants. " The action for money had and received to the use of another is the form in which courts of common law enforce the equitable obligation. The scope of this remedy has been gradually extended to embrace many cases which were originally cognizable only in courts of equity. Whenever one person has in his possession money which he cannot conscientiously retain from another, the latter may recover it in this form of action, subject to the restriction that the mode of trial and the relief which can be given in a legal action are adapted to the exigencies of the particular case, and that the transaction is capable of adjustment by that procedure, without prejudice to the interests of third persons." (*Roberts* v. *Ely*, 113 N. Y. 128, 131.) Therefore, I think the plaintiff's pleading is good as against the defendants' motion for judgment upon the ground that it fails to state facts sufficient to constitute a cause of action. It may be that he should be compelled to separately state his alleged equitable cause of action for reinstatement of the bond and mortgage or for a decree compelling defendants to execute a new bond and mortgage. The allegations in the complaint as at present framed are obviously insufficient to sustain such a cause of action, but for the reasons above stated this does not warrant a dismissal of the action in its present form.

The order denying the motion to dismiss the complaint under rule 106 of the Rules of Civil Practice should be affirmed, without costs.

RICH, JAYCOX, KELBY and YOUNG, JJ., concur.

Order denying motion to dismiss the complaint under rule 106 of the Rules of Civil Practice affirmed, without costs.