ZELLA M. CHARRIER, Plaintiff, v. WALTER M. JACOBSON, Defendant.

Supreme Court, Trial Term, Sullivan County, May 26, 1949.

*A. C. N. Thompson* for plaintiff.

*Max Bollt* for defendant.

TAYLOR, J. Plaintiff and defendant, a duly licensed auctioneer, entered into an agreement wherein the defendant agreed to sell certain articles of personal property for the account of the plaintiff, Zella M. Charrier. Defendant entered into the execution of his contract and out of the proceeds of the sale, paid some items and obligations of plaintiff, Zella M. Charrier. Plaintiff instituted an action against defendant wherein she demanded

judgment that the defendant be directed to render to plaintiff a true, just and full accounting of the property sold and of all moneys received and disbursed by him and further that plaintiff have judgment against defendant for any sum or balance found to be due against the defendant. Defendant by his answer disputes the claim of plaintiff and sets up a counterclaim for damages which he alleges to have suffered in the execution of the contract.

The motion presently before the court is for an order referring this action to a referee upon the premise that the action involves the examination of a long account. The defendant opposes the reference.

The only authority for such procedure is to be found in section 466 of the Civil Practice Act, formerly section 1013 of the Code of Civil Procedure.

The courts in construing this section which was not changed by the adoption of the Civil Practice Act have unanimously held that such procedure " does not apply where the object of the action is to obtain an accounting. The rule is that in an action for an accounting a reference to hear and determine issues cannot be ordered until an interlocutory judgment providing for such accounting has been entered after trial of the issues involved or upon motion on the pleadings if no issue be raised." (*Post* v. *Van Siclen,* 132 App. Div. 796, 797; *London* v. *Meryash,* 132 App. Div. 323; *Gibson* v. *Widman,* 106 App. Div. 388; see, also, *Hill* v. *Reynolds,* 119 App. Div. 689, revd. 189 N. Y. 558, and *Irving Trust Co.* v. *Lombard,* 258 App. Div. 37.)

The motion is denied, without costs.

Submit order.