TRUSTEES OF THE PRESBYTERY OF NEW YORK, Appellant, *v.* WESTMINSTER PRESBYTERIAN CHURCH OF WEST TWENTY-THIRD STREET and Others, Defendants, Impleaded with RICHMOND J. REESE, Respondent.

First Department, May 28, 1920.

Equity — facts authorizing relief demanded to be properly pleaded — sufficiency of complaint in suit against church and certain individuals.

To the end that a court of equity may mould its relief so that the interests of all parties will be finally determined in the suit it is necessary that the facts that will enable it to accomplish that result be properly pleaded.

The complaint in a suit alleging that the trustees of the defendant church have permitted certain judgments and other liens to be filed against it, that the defendant church has no beneficial interest in the church property standing in its name, that the judgments were not entered for the purpose of protecting and preserving the church property held in ·trust, and asking the court to adjudge which if any of said liens are valid and the amount thereof and their respective priorities and that the assets applicable to their payment be marshaled, examined, and *held*, not to allege facts showing that the plaintiff is entitled to the relief demanded.

APPEAL by the plaintiff, Trustees of the Presbytery of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of January, 1920, sustaining the demurrer of the defendant Reese to the complaint and granting leave to plaintiff to serve an amended complaint.

*Wilson B. Brice* of counsel [*Merrill, Rogers & Terry*, attorneys], for the appellant.

*Richmond J. Reese*, the respondent, in person.

PAGE, J.:

This is an action in equity brought pursuant to a suggestion of the Court of Appeals, contained in its opinion in a previous litigation between *Trustees of Presbytery* v. *Westminster Church* (222 N. Y. 305, 319).

Mr. Justice LEHMAN has well said in his opinion at Special Term: " Concededly there is no precedent for the present action, but the facts upon which the action is based are also apparently without parallel, and it may well be that a court

of equity can and should find some method of remedying the situation by using its well-established powers, even though such powers have never been called into play in a similar situation."

A court of equity having taken jurisdiction of the subject-matter of the action will mould its relief so that the interest of all parties will be finally determined in the action. To that end it is necessary that the facts that will enable it to accomplish the result should be properly pleaded. The complaint alleges, among other facts, that the trustees of the Westminster Church and said church have suffered and permitted judgments and other liens to be entered or filed against the church to the aggregate amount of many thousands of dollars; that the defendant church has no beneficial interest in the church property, the legal title to which stands in its name, and that said judgments or liens were not entered or suffered or permitted for the purpose of protecting and preserving the church property, held in trust. The following subdivision of the complaint alleges that certain individual defendants, among whom is the demurrant, claim to have some interest in the aforesaid property. The demand for judgment, so far as it relates to these allegations, is " that the Court shall adjudge whether any, and if so, which of said alleged judgments or liens are valid and the amount thereof and their respective priorities. That it shall marshal the assets applicable for their payment and provide for the payment thereof   *   *   *." The facts are not alleged that would show the plaintiff entitled to this relief. 1. It is not alleged that the individual defendants are the judgment creditors or the lienors whose judgments and liens have been suffered and permitted to be entered or filed against the church. If they are, that fact should be stated. If they are not, then the claim or interest they have should be stated that the facts upon which relief against them can be predicated will appear, and such relief should be demanded. 2. It is not sufficient to allege that these judgments or liens were not entered or suffered for the purpose of protecting or preserving the church property. The facts should be stated tending to show that they were not binding or legal obligations; facts that would show that a court of equity would have power to adjudicate upon their validity. As the complaint now stands there is

no judgment asked against the individual defendants except for costs and no facts stated that would show that they were necessary or proper parties to the litigation. The amended complaint to be served pursuant to the order should state the material facts that will enable the court, at this time, to end the unfortunate litigation in which these parties have been indulging for years, and determine every justiciable matter that can arise with respect to this church and its property.

The order is affirmed, with ten dollars costs and disbursements, with leave to plaintiff to serve an amended complaint on payment of said costs and ten dollars costs at Special Term.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to plaintiff to serve an amended complaint on payment of said costs and ten dollars costs at Special Term.