ROBERT WEIGEL and HENRY HILLEBRAND, Appellants, *v.* LESLIE COOK and MARGARET E. COOK, His Wife, Respondents.

Third Department, November 10, 1920.

Equity — suit to rescind sale of real property alleged to have been induced by fraud — when fraud not waived by continuation of business by purchaser after suit brought and by sale of damaged property — power of equity to give money judgment.

The complaint in a suit in equity brought to rescind a sale of mineral springs to the plaintiffs upon the ground that said sale was induced by the false representations of the defendants should not be dismissed upon the merits merely because the plaintiffs, after action brought, continued to operate the springs and after a fire which destroyed the plant sold some of the burned machinery for junk, and had a truck repaired, and stored other machinery, it appearing that the fire was not caused by any fault of the plaintiffs.

As the plaintiffs would be entitled to a rescission at the time of action brought if they succeeded in establishing the fraud of the defendants, their continuing to operate the plant and their act in disposing of the

property destroyed was not a waiver of the fraud, but was done pursuant to their right and duty to preserve the property.

Even if the court was unable to give equitable relief owing to the exigencies of the case, it could, having obtained jurisdiction, give a money judgment for plaintiffs.

APPEAL by the plaintiffs, Robert Weigel and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Saratoga on the 20th day of March, 1920, upon the decision of the court rendered after a trial at the Saratoga Trial Term, the jury having been discharged, dismissing the complaint upon the merits.

*Nash Rockwood* [*Harry P. Pendrick* of counsel], for the appellants.

*Rowe & Walsh* [*A. F. Walsh* of counsel], for the respondents.

JOHN M. KELLOGG, P. J.:

The summons and complaint were served June 10, 1919, and the amended complaint of June 28, 1919, alleged in substance that in January of that year the plaintiffs purchased of the defendants a mineral spring property, with its appliances and equipment, for $15,000, of which $5,000 was paid in cash and $10,000 secured by plaintiffs' bond and mortgage upon the property sold; that the sale was induced by false representations as to the quality and character of the springs; that the plaintiffs immediately entered into possession and continued the operation of said springs, and that by reason of the fraudulent and false misrepresentations the plaintiffs had been damaged in the sum of $25,000, and that the plaintiffs were ready and willing to reconvey to the defendants the property, and demanded judgment for $25,000 damages and that the bond and mortgage be canceled and discharged, and for other and further relief, with costs. The plaintiffs, during the pendency of the action, made certain improvements upon the spring property and equipment, carrying on the business of bottling and selling the water at a loss until about a week before September 27, 1919, when the works were destroyed by fire. The buildings and machinery were insured. The loss by the fire was adjusted at $7,000, which, by agreement between the parties, is held by the insurance company to be paid to the

party entitled thereto. During the pendency of the action the plaintiffs expended about $5,000 in carrying on the business and improving the property, realizing therefrom about $2,000, showing a net loss of about $3,000 as a result of the business.

The plaintiffs, in opening the case, stated it was an action for rescission. The trial justice did not pass upon the question of fraud, or the character and worthlessness of the spring, but based the decision upon the ground that after action brought, by continuing the business and interfering with the property, the plaintiffs had waived the fraud and could not maintain an action for rescission and that upon the complaint no other relief was available, and the plaintiffs were defeated in effect because they refused to amend the complaint. After the fire some of the burned machinery was found to be valuable only as junk and it was sold as such by the plaintiffs for $120. A truck, which passed through the fire, was taken by the plaintiffs to Albany where some repairs were put upon it. Some other machinery was taken to the plaintiffs' barn in Saratoga, after the fire, and remained there for storage.

Concededly, if the fraud was established, the plaintiffs, at the time of action brought, were entitled to a rescission of the contract. The fire occurred after active work at the spring property had ceased, and apparently without fault of the plaintiffs. The plaintiffs have done no act which prevents them from substantially complying with a proper judgment for specific performance. The insurance money may well take the place of the buildings and property destroyed. The machinery in storage and the repaired truck can be returned; the only act by the plaintiffs which could interfere with a complete restoration of the property would be the sale of the junk, and no question is raised but that the price received was adequate. At the time of action brought, the plaintiffs, on their theory, had lost $5,000, and there was outstanding their bond and mortgage for $10,000 more. The spring property had been in active operation and was sold as an operating and equipped mineral spring, although active operations at the spring were not carried on for a month or two prior to the sale. The plaintiffs were not required to trust entirely to the solvency of the defendants to get back their $5,000, nor to place their sole reliance upon the uncertain result of a lawsuit. It

was their right and duty to preserve the property, and whatever business had been established in connection with it, and the fact of preserving the property and continuing the business during the pendency of the action cannot deprive the plaintiffs of their remedy. (*Keefuss* v. *Weilmunster*, 89 App. Div. 306.)

" It is a familiar principle that a court of equity having obtained jurisdiction of the parties and the subject-matter of the action will adapt its relief to the exigencies of the case." (*Phillips* v. *West Rockaway Land Co.*, 226 N. Y. 507, 515; *Bloomquist* v. *Farson*, 222 id. 375, 380; *Rudiger* v. *Coleman*, 228 id. 225.)

Every necessary fact is found in the complaint which would authorize a money judgment for the plaintiffs if a court of equity was inadequate to grant other relief. Manifestly a court of equity may fit equitable relief to the situation existing at the trial. It was error to dismiss the complaint upon the ground that the fraud and the right to specific performance had been waived. The judgment should be reversed and a new trial granted, with costs to the appellants to abide the event.

All concur.

Judgment reversed upon the law and facts, and new trial granted, with costs to the appellants to abide the event. The court disapproves of the first, fourth and seventh findings of fact.