ROBERT A. BADGER and Others, Plaintiffs, *v.* SCOBELL CHEMICAL Co., INC., and Others, Defendants.

Supreme Court, Monroe County, May 26, 1927.

Equity — complaint — action for specific performance — complaint alleges facts sufficient for rescission — not error to permit amendment on trial so as to demand rescission.

The complaint in this action demanded specific performance of a contract and general relief, but at the close of the trial plaintiff was permitted to add to the prayer for relief a demand for rescission. Inasmuch as the allegations of the complaint were sufficient to constitute either of these forms of action, both were available to the plaintiff, under the circumstances, and it was not error to permit said amendment. Therefore, plaintiff's motion to vacate and set aside the decision of the court, permitting the amendment, and for a new trial, must be denied.

MOTION by the defendants for a new trial. By plaintiffs, for an extra allowance of costs.

*W. W. Armstrong,* for the plaintiffs.

*Bowman & Van Schaick,* for the defendants.

THOMPSON, J.    At the close of the trial plaintiff was permitted to add to the prayer for relief in the complaint a prayer for rescission of the contract in suit. Up to this time plaintiff prayed only for specific performance of the contract, and for general relief. The allegations of the complaint were sufficient to constitute and were consistent with either of these forms of action, and both were available to the plaintiff in the circumstances. (3 Williston Cont. §§ 1418, 1454.)

The trial was extended and from the court's standpoint was an exhaustive inquiry into all of the facts and circumstances attending the making of the contract in suit, as well as its performance and breach, from the beginning of negotiations between the parties to the end of plaintiff's connection with the corporation.

For reasons sufficiently set out in the decision and findings heretofore made, and after due deliberation, the court became convinced that the best remedy to be applied was rescission, and this conclusion was reached after carefully contemplating not only the equities and *bona fides* of the case as found in the evidence, but the rights and best interests of the litigants as they existed at the time of the trial, and the consequences to be expected after such decision was carried into effect.

In the reaching of its decision the court was mindful of the rule that when a court of equity has obtained jurisdiction of the parties and the subject-matter of an action, it must adapt its relief to the exigencies of the case. (*Phillips* v. *West Rockaway Land Co.,* 226 N. Y. 507, 515.) And that equity requires that such relief should be administered as the exigencies of the case demanded at the close of the trial. (*Bloomquist* v. *Farson,* 222 N. Y. 375; *Trustees of Presbytery* v. *Westminster P. Church,* 192 App. Div. 163.)

" No case has its brother; good common sense and good conscience are the best guides in determining what a court of equity should do in any particular case." (*Greenslete* v. *Ferguson,* 191 App. Div. 745, 748.)

The defendants make this motion to vacate and set aside the decision of the court and for a new trial on the ground that the court erred in permitting the amendment in the first place and in granting rescission rather than specific performance in the second place. I am not in accord with either of these contentions. The court's attention was not directed by defendants to any way in which they were prejudiced by the amendment. No request was made for permission to amend any pleading or to make any motion on behalf

of defendants, or to offer any further proof in the case; nor was suggestion or request made at the time for a continuance or adjournment of the trial, or that time or terms be granted or imposed in consequence of the alleged change in the form of the action. Had there been such request with sufficient grounds stated, the court could have imposed terms and adjourned the trial of the case or declared a mistrial, according as the ends of justice might have required.

But the form of the action was not changed by the change in the prayer for relief.

" The prayer for relief forms no part of the cause of action and is not conclusive." (*Port* v. *Holzinger, No. 1,* 212 App. Div. 124, 125.)

The facts alleged, not the demand for relief, determine the character of an action. (*Ketcham* v. *Wilbur,* 218 App. Div. 350.)

" The demand for relief is not a vital part of the complaint in an equitable action." (*Cross* v. *Bishop Oil Corporation, No. 1,* 218 App. Div. 632, 635.)

Moreover, it is the opinion of the court that it had abundant power to award relief by rescission in this case under the prayer for general relief. " A prayer for general relief is as broad as the equitable powers of the court. Under it the court will shape its decree according to the equities of the case, and broadly speaking will grant any relief warranted by the allegations of the bill, whether it is the only prayer in the bill or whether there is a special prayer for particular and different relief * * *. It [the general prayer] may also serve as a substitute for the prayer for special relief, and authorize relief of a different nature when that specially prayed is denied." (21 C. J. 679.)

" In point of principle a prayer for general relief will alone suffice in all cases where the relief properly grantable clearly and obviously results from the facts stated in the bill." (10 R. C. L. 422.)

" There is no requirement of law that the demand for judgment shall be consistent with the facts stated; the plaintiff is to make ' a plain and concise statement of the facts constituting each cause of action, without unnecessary repetition,' and a ' demand of the judgment to which the plaintiff supposes himself entitled.' * * * The plaintiff in this case appears to have supposed that he was entitled to a specific performance of the contract." (*Sims* v. *Farson,* 157 App. Div. 38, 41.)

" When such complaint contains a prayer for general relief, the court may award such relief as the facts proven upon trial may warrant." (*Grote* v. *Grote,* 121 App. Div. 841.)

And a court of equity in administering justice will afford such

relief as the facts warrant, and if it be necessary to reform the contract and redraft the pleadings, it has the power, and it is its duty to do it. (*Burdick* v. *Fuller*, 199 App. Div. 94, 96; *Schultz* v. *Busendorf*, 117 Misc. 405, 410.)

" There was a prayer for general relief and, after an answer has been interposed, any judgment may be awarded that is warranted by the facts proved and consistent with the facts alleged, even if it does not precisely conform to the pleader's theory of the action, provided it is not hostile thereto." (*Rogers* v. *N. Y. & T. L. Co.*, 134 N. Y. 197, 219.)

The granting of rescission in an action for specific performance is identical with the well-established practice of granting money damages, where specific performance is impossible, in the familiar specific performance action so often found in our courts in connection with contracts for the sale of real estate. (*Weigel* v. *Cook*, 193 App. Div. 520; *Saperstein* v. *M. & F. Sav. Bank*, 228 N. Y. 257.)

So we find in an equity action, where plaintiff alleged defendant's failure to perform a contract and asked relief by way of an accounting and that defendant be restrained from violating the contract (plaintiff thus asserting the contract) that the trial court, finding that defendants had repudiated the agreement, decreed that the contract should be rescinded; the court holding that although relief by way of rescission was not demanded, such relief was quite consistent with the case as stated in the complaint, and that under the prayer for " such other relief as to the court might seem just," rescission was proper. In affirming the Appellate Division (122 App. Div. 898) the Court of Appeals held: " It is the practice of courts of equity, when they have once obtained jurisdiction of a case, to administer all the relief which the nature of the case and the facts demand and to bring such relief down to the close of the litigation between the parties. When a trial court has gained jurisdiction of a cause for one purpose, it is justified in retaining it generally and decreeing the relief which will close the controversy in all of its apparent features at the time of the submission." (*Russell H. & I. M. Co.* v. *Utica D. F. & T. Co.*, 195 N. Y. 54.)

Defendants also contend that the judgment entered is defective, in that it does not contain a direction that plaintiffs restore the benefits they have received under the contract. It seems that since the trial of this action, one of the plaintiffs has recovered a judgment against the corporation on the law side of the court on the contract here in suit for services performed thereunder. This is the only benefit that defendants claim plaintiffs, or either of them, have received under the contract. In my view this does not now present a practical difficulty. In all events plaintiff

Supreme Court, March, 1927. [Vol. 129

Badger would be entitled to have the reasonable value of the services he rendered to the corporation, and the provision of the contract fixing the amount of such compensation is evidence, competent and sufficient, to establish such value. (40 Cyc. 2849; *Nightingale* v. *J. H. & C. K. Eagle, Inc.,* 141 App. Div. 386; *Triangle Waist Co.* v. *Todd,* 223 N. Y. 27.)

Moved by these considerations, I am constrained to deny the motion for new trial, with costs to plaintiffs.

Plaintiffs' application for an extra allowance of costs is also denied. So ordered.