NED SHOENBRUN and Another, Respondents, *v.* RALPH TUBBY, Appellant, Impleaded with WILLIAM NORINS, Defendant.

First Department, December 2, 1927.

**Bills and notes — action by subsequent holder — defense by maker that note was given in payment of shares of stock and was procured through fraud and false representations — maker sought to rescind contract as soon as fraud was discovered — action of maker in thereafter attending stockholders' meeting and permitting himself to be elected director did not constitute ratification as matter of law — evidence presented question of fact as to ratification and it was error to direct verdict for plaintiffs.**

The appellant gave his promissory note in payment of certain shares of stock. This is an action on the note and the appellant in his answer seeks to have the contract rescinded and to recover possession of the note. The evidence shows that the note was given as the result of fraud and false representations made in reference to the shares of stock purchased by the appellant, and that the plaintiffs became holders of the note without consideration and with full knowledge of the facts. It also appears that as soon as the appellant discovered the fraud he tendered the stock and attempted to rescind the contract, and that thereafter certain negotiations were had between the parties for the purpose of settling the dispute. After the appellant attempted to rescind the contract he attended a stockholders' meeting and permitted himself to be elected a director of the corporation. The appellant did not, as a matter of law, ratify the transaction by attending the stockholders' meeting or by permitting himself to be elected a director of the corporation, for, having endeavored to rescind the contract, he had the right to protect and preserve his property interests without losing his right to rescind.

The evidence relating to the fraudulent transaction, the knowledge of the plaintiffs, the endeavor on the part of the appellant to rescind the contract, and subsequent

negotiations for settlement raised a question of fact which should have been submitted to the jury, and it was error, therefore, to direct a verdict for the plaintiffs.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 26th day of January, 1927.

*I. Maurice Wormser* of counsel [*I. Gainsburg* and *Edwin P. Kilroe* with him on the brief; *Edwin P. Kilroe*, attorney], for the appellant.

*B. Herzberg* of counsel [*Max D. Steuer* and *Edward J. Bennett* with him on the brief; *Isaac Reiss*, attorney], for the respondents.

MARTIN, J. The plaintiffs seek a recovery upon a promissory note for $22,250 made by the defendant, appellant, to the order of himself, indorsed to one William Norins, who, it is alleged, indorsed and delivered it for value before maturity to the plaintiffs.

The answer denies that the note was given for value and denies that the plaintiffs are holders in due course or for value.

The first defense is to the effect that the note was procured from said defendant by fraud and false representations; that it was given to Norins in payment for shares of stock of the Interstate Mortgage Corporation at forty-four dollars and fifty cents a share; that Norins represented the stock to have a market price of upwards of fifty dollars per share; that arrangements had been made to list it on the New York Curb market; that within a few days thereafter it would be so listed; that the Interstate Mortgage Corporation was financially solvent and responsible; that a pool had been formed to control the market price of the stock; that it would be not less than sixty or sixty-two dollars a share within a short time; and that the proceeds of the sale of said stock would go into the treasury of said corporation, as the stock was treasury stock. It is further alleged that the stock was purchased in reliance upon such representations, and that all of said representations were false and known by Norins to be false; that the plaintiffs became holders of the note without consideration and with full knowledge of the facts. As a counterclaim, the same facts are set forth with a prayer that it be adjudged that the note is void and that it be delivered up for cancellation.

The note in suit is one of two, each for the sum of $22,250, given by appellant for the stock. The verdict was directed on the theory that, though the jury might find the fraud established, the admitted facts show appellant had ratified the transaction. The question

here presented is whether the appellant's action subsequent to the discovery of the fraud amounted to a ratification, as matter of law, thereby foreclosing him from asserting the defense which the jury might have found he proved at the trial. Plaintiffs established their *prima facie* case by putting the note in evidence.

In view of the manner in which this matter is here for review, it is not now necessary to repeat in detail the evidence for appellant. Suffice it to say that there is testimony to prove that the price of the stock ranged from four dollars to seven dollars a share; that there were incidents such as Norins' pretending to call up the office of the corporation and to hold a conversation with a person in that office, and that Norins was later convicted of grand larceny for this same transaction. There was ample evidence to take the case to the jury on the question of fraud.

The record might also sustain a finding that plaintiffs are not holders in due course; and for the purpose of this motion to dismiss the defense and counterclaim and for a direction, plaintiffs' trial counsel so conceded.

After the fraud had been discovered, a meeting took place at which efforts were made to settle the differences which had arisen. The attorney who was acting for Norins stated that the notes had not been and would not be negotiated, that they were in his control and that he could produce them at any time, and with this Norins agreed, excepting, however, another note not in suit. To the same ultimate effect there was also other testimony. At one meeting Reiss, attorney for Norins, made a proposition looking toward a settlement with a discount of about five per cent for expenses. To this appellant was agreeable. Reiss told him to put the proposition in writing, which defendant did, stating that it was without prejudice. It was not accepted by Norins.

It is probable that Norins and his advisers sought to commit appellant to a writing that would have the effect of showing a ratification with knowledge of the fraud. This may have been a mere trick. In the settlement they proposed a sale by appellant of the stock for notes of a third party to be produced and delivered by them.

About March 5, 1925, appellant attended a stockholders' meeting and voted the shares which were purchased with the note in suit, and was elected a director of the corporation. This also is held to show there had been a ratification and waiver of the fraud as a matter of law. The tender of the stock and the attempt to rescind had at that time been rejected. The appellant's action in promptly disaffirming and demanding the return of the purchase price is important evidence of an intention to disaffirm; and it was there-

after possible for him to protect and preserve the property without losing his right to rescind.

In the case of *Weigel* v. *Cook* (193 App. Div. 520; mod. and affd., 237 N. Y. 136) the Appellate Division in the Third Department said: " It was their right and duty to preserve the property, and whatever business had been established in connection with it, and the fact of preserving the property and continuing the business during the pendency of the action cannot deprive the plaintiffs of their remedy."

In Cook on Corporations (Vol. 2 [8th ed.], § 356) the law is stated as follows: " Where a party has a right to return the stock and receive back his money, he may, after making a tender, do any acts in regard to the stock reasonably necessary to protect his interest, and yet not lose his right to rescind."

In view of the evidence that Norins, who sold this stock for ten times the price it was selling for, was responsible for the effort to lead this defendant into what may appear to constitute a ratification, we believe there is at least a question of fact as to whether under the circumstances such a result followed. Although it is true there was an attempt to settle the matter, appellant having offered to return the stock and having demanded the return of the notes, what was then done was aimed at carrying through a settlement which Norins refused to consummate after he and his lawyer had induced plaintiff to write a letter which is now pointed to as showing ratification. The object to be accomplished was the return of the stock for notes executed by responsible persons. This settlement contemplated a rescission of the entire transaction, so far as to put appellant *in statu quo* excepting for payment of the five per cent discount.

We believe the court should in this case of apparently gross fraud, amounting to theft, protect the appellant and not compel him to make good to a wrongdoer the proceeds of such fraudulent scheme.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.